IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAGE TITLE GROUPS, LLC<br>d/b/a SAGE PREMIER SETTLEMENTS,<br><br>      Plaintiff,<br><br>   v.<br><br>LILLIE E. KERSEY, MERRITT KERSEY,<br>MICHAEL J. KERSEY, MORRIS F. KERSEY,<br>and MONA LISA KERSEY a/k/a MONA LISA<br>KERSEY-MONTEITH,<br><br>      Defendants. | : : : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br>No. 16-03 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                           **JULY 11, 2016**

   Presently before this Court is Defendants, Mona Lisa Kersey-Monteith ("Mona"), Michael Kersey ("Michael"), and Morris Kersey's ("Morris") (collectively "Crossclaim Defendants") Motion to Dismiss Crossclaims of Defendant, Lillie Kersey ("Lillie") pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Response in Opposition by Lillie. For the reasons set forth below, this Motion is granted in part and denied in part.

**I.  BACKGROUND**

   Pursuant to Federal Rule of Civil Procedure 22, Sage Title Group, LLC ("Sage") commenced this diversity action by filing its Complaint for Interpleader ("Interpleader Complaint") on January 4, 2016. (Doc. No. 1.) The Interpleader Complaint alleges that on or about May 15, 2014, Defendants, Mona, Michael, Morris, Lille, and Merritt Kersey (collectively

1

"Defendants") were the sellers of real property located at 14 Isabella Lane, Glen Mills, Pennsylvania (the "Property").[1] (Compl. ¶ 11.) Sage acted as the title agent and conducted the real estate closing for the sale, which occurred on May 15, 2014 (the "Transaction"). (Id. ¶¶ 11-12.) At the closing, Sage issued a check representing the net proceeds of the sale, in the amount of $267,499.69, jointly payable to all Defendants. (Id. ¶ 13.) Soon after settlement, Sage became aware that its proceeds check had not been negotiated by Defendants and remained uncashed. (Id. ¶ 14.)

Sage was eventually made aware of a dispute between Defendants regarding their respective distributive shares. (Id. ¶ 15.) The dispute pertains to a Deed, which conveyed an interest in the Property to all Defendants. (See Mem. in Opp. of Mot. to Dismiss Crossclaims at 2.) The Deed recorded June 27, 1990, states that:

> Grantors 'Frederick F. Kersey and Lillie E. Kersey, his wife, tenants by the entireties. Michael J. Kersey and Morris F. Kersey, to the whole as joint tenants with the rights of survivorship.' conveyed an interest in the property to Grantees 'Frederick F. Kersey and Lillie E. Kersey, his wife, tenants by the entireties. Michael J. Kersey, Morris F. Kersey, Mona Lisa Kersey, and Merritt Kersey to the whole as joint tenants with right of survivorship.'

(Id.) In this lawsuit, we are charged with giving a meaning to the placement of the period after "tenants by entireties." (Id. at 6.) Lillie suggests that, absent any other admissible evidence, the parties used the period to create two distinct classes of ownership, where Frederick Kersey ("Frederick") and Lillie owned fifty (50%) percent and their children owned the other fifty (50%) percent split amongst them. (Id.) On the other hand, Crossclaim Defendants claim that the Deed conveyed an equal 12.5% interest to each Defendant. (See Mem. in Supp. of Mot. to

---

[1] For background purposes, it is worth understanding that Lillie is the mother of the four other defendants.

Dismiss Crossclaims at 1.)  Lillie lived in the Property until the death of her husband Frederick on December 28, 2011.  (See Mem. in Opp. of Mot. to Dismiss Crossclaims at 2.)  Lillie went to live with Mona initially, and intended on living with her four children on a rotating basis.  (Id.)

In the intervening eighteen months, Defendants have failed to arrive at any resolution regarding this dispute.  (Compl. ¶¶ 16.)  Due to this failure to cash the check, the entirety of the net proceeds from the Transaction remained in the escrow account of Sage.  (Id. ¶¶ 17-18.)  During a routine audit of Sage's escrow account conducted by a government banking regulator, Sage was cited for an overdue retention of client funds, specifically, the funds represented by uncashed checks from the Transaction, and was notified of the need to attempt to enforce distribution to Defendants.  (Id. ¶ 19.)  Faced with the disagreement regarding the proceeds from the Transaction, Sage commenced this interpleader action.  (Id. ¶ 27.)  Contemporaneously with the filling of its Interpleader Complaint, Sage deposited with the registry of the Court the entire proceeds from the Transaction, in the exact amount of $267,499.69.  (Id. ¶ 26.)

## II.   STANDARDS OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."  Fed. Realty Inv. Tr. v. Juniper Props. Grp., No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).  A defendant may contest subject matter jurisdiction by attacking the face of the complaint (i.e., a facial attack) or by attacking "the existence of subject matter jurisdiction in fact, quite apart from any pleadings" (i.e., a factual attack).  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts

that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).  In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Id. In other words, a facial attack "contests the sufficiency of the pleadings," In re Schering Plough Corp., 678 F.3d 235, 243 (3d Cir. 2012), "whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008).

Drawing this distinction is important because it "determines how the pleading must be reviewed." Aichele, 757 F.3d at 357-58 (citing In re Schering, 678 F.3d at 243).  On a facial attack, the court must read the complaint in the light most favorable to the plaintiff and consider the allegations of the complaint as true.  See Mortensen, 549 F.2d at 891.  Alternatively, under a factual attack, a court is not confined to the pleadings, but may weigh and consider evidence outside the pleadings, including affidavits, depositions, and exhibits to satisfy itself that it has jurisdiction.  Id.; see Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  This is because on a factual motion to dismiss for lack of subject matter jurisdiction, the court's very power to hear the case is at issue.  Mortensen, 549 F.2d at 891.  Moreover, on a factual attack, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim.  Id.  For both a facial and factual attack, the plaintiff bears the burden of proving jurisdiction.  Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005).

If the court finds that it lacks subject matter jurisdiction, it must dismiss the action under Rule 12(h)(3). See Fed. R. Civ. P. 12(h)(3) ("[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.  DISCUSSION

Crossclaim Defendants move to dismiss the Crossclaims of Lillie pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction over them because they are not logically related and do not arise out of the same transaction as the Interpleader Complaint. (See Defs.' Mot. to Dismiss Crossclaims at 6-7.) Federal Rule of Civil Procedure 13(g) provides that:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g).

"The basis for determining the propriety of a cross-claim is the same as that used in determining a compulsory counterclaim, that is, whether the claim bears a logical relationship to the original action." Hankin Family P'ship v. Upper Merion Twp., No. 01-1622, 2012 WL 43599, at *10 (E.D. Pa. Jan.6, 2012) (citing Metro Life Ins. Co. v. Kubicheck, 83 F. App'x 425, 430 (3d Cir. 2003); Jefferson Standard Ins. Co. v. Craven, 365 F. Supp. 861, 866–67 (E.D. Pa. 1973)). "A logical relationship exists where trial on the claims separately would involve a substantial duplication of time and effort by the parties and the courts because the claims involve

5

many of the same factual or legal issues." Weiss v. Advest, Inc., 607 F. Supp. 799, 802 (E.D. Pa. 1984) (citing Jefferson Standard, 365 F. Supp. at 867).

### A. Lillie's Crossclaim #1 Against Mona

In her first Crossclaim, Lillie is alleging that Mona abused her fiduciary relationship as her durable and general power of attorney ("Crossclaim #1"). (Lillie's Ans. and Affirmative Defenses to Interpleader Compl. with Crossclaims ¶¶ 35-45.) Specifically, Lillie alleges that Mona improperly transferred a vehicle, jointly owned by Frederick and Lillie, to herself and her husband. (Id. ¶ 38.) Additionally, Lillie alleges that Mona has not properly accounted for money withdrawn from two bank accounts held by Lillie. (Id. ¶¶ 39-45.) Subsequently, Lillie wants Mona's distributive share reduced and added to her share in an amount not to exceed $25,000. (Id. ¶ 45.)

Crossclaim #1 bears no logical relationship to the Interpleader Complaint. There is not a singular fact or law that is involved in both claims. See Allstate Life Ins. Co. v. McBrearty, No. 11-1380, 2013 WL 2291888, at *6 (M.D. Pa. May 24, 2013) (dismissing crossclaim alleging an abuse of a fiduciary relationship since it bore no logical relationship to the original interpleader action.) Additionally, it does not relate to any property that is the subject matter of the original action, nor does it arise out of the same transaction or occurrence that is the subject matter of the Interpleader Complaint. See Fed. R. Civ. P. 13(g). According to Lillie herself, we are simply tasked with determining the meaning of a period in a Deed and apportioning the appropriate shares of the sale of the Property to all Defendants. (See Mem. in Opp. of Mot. to Dismiss Crossclaims at 6.) Crossclaim #1 alleges an abuse of a fiduciary relationship by Mona, Lillie's Power of Attorney, which is not remotely related, legally or factually, to the Interpleader

Complaint.  Additionally, in no instance, has Lillie even alleged how these abuses bear any relationship to the original action.  See Smolow, 353 F. Supp. 2d at 566 (holding that the plaintiff bears the burden to prove subject matter jurisdiction).  Lillie's Crossclaim #1 does not bear a logical relationship to the original interpleader action.  Therefore, we will grant Crossclaim Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

### B.  Lillie's Crossclaims #2-4 Against Michael, Morris, and Mona

In Lillie's remaining Crossclaims ("Crossclaims #2-4"), she alleges that Michael, Morris, and Mona were unjustly enriched for not contributing to their share of taxes, repairs and maintenance, utilities, and costs of the sale of the Property between December 28, 2011, and March 15, 2014.  (Lillie's Ans. and Affirmative Defenses to Interpleader Compl. with Crossclaims ¶¶ 46-64.)  These dates relate to when Lillie moved out of the Property to live with Crossclaim Defendants until the date that the Property was sold.  Unlike Crossclaim 1, Crossclaims #2-4 relate to the Property, which is the subject matter of the Interpleader Complaint.  See Fed. R. Civ. P. 13(g) ("[A] pleading may state as a crossclaim any claim by one party against a coparty if . . . the claim relates to any property that is the subject matter of the original action.").  Crossclaims #2-4 clearly relate to the Property as Lillie is alleging that Crossclaim Defendants' shares should be reduced because they did not contribute to their share of expenses regarding the Property when Lillie no longer resided there.

Crossclaims #2-4 also bare a logical relationship to the original Interpleader action.  A separate trial on these Crossclaims would require a recitation of all the major facts relating to the Property that would already have been elicited in the interpleader action.  Therefore, an independent trial on Crossclaims #2-4 would involve a substantial duplication of time and effort

7

by the parties and the courts because these claims involve many of the same factual issues as the original interpleader action.  See Weiss, 607 F. Supp. at 802.  For these reasons, we will deny Crossclaim Defendants' Motion to Dismiss Crossclaims #2-4 for lack of subject matter jurisdiction.

**IV.** **CONCLUSION**

For the aforementioned reasons, we conclude that Crossclaim Defendants' Motion to Dismiss Lille's Crossclaims is granted in part and denied in part.  The Motion is granted with respect to Crossclaim #1, and denied with respect to Crossclaims #2-4.

An appropriate Order follows.